**FLAVOR ORGANICS INCORPORAT-ED, a New Jersey corporation, Plaintiff—Appellant,**

v.

**J.R. WOOD INCORPORATED, a California corporation, Defendant—Appellee.**

No. 02–36005.

D.C. No. CV–01–00298–OMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Dec. 17, 2003.

Joseph A. Field, Field & Associates, Portland, OR, for Plaintiff–Appellant.

Timothy S. Jones, Sara Hedgpeth–Harris, Sagaser, Franson & Jones, Fresno, CA, for Defendant–Appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM*

Flavor Organics appeals the district court's judgment in favor of J.R. Wood. Specifically, it appeals the court's determination that Flavor, through its representative David Weisman, granted its attorney Joseph Field actual authority to settle the action on its behalf. We have jurisdiction under 28 U.S.C. § 1291. Because the scope of authority granted to an agent is a factual issue, *NLRB v. Donkin's Inn, Inc.,* 532 F.2d 138, 141 (9th Cir.1976), we review the district court's findings for clear error. *Troutt v. Colo. W. Ins. Co.,* 246 F.3d 1150, 1156 (9th Cir.2001).

The district court concluded that Weisman's "objective manifestations" showed that he gave Field actual authority to accept the settlement agreement. Sufficient circumstantial evidence exists in the record to support the district court's factual findings. *See Kaiser Found. Health Plan v. Doe,* 136 Or.App. 566, 903 P.2d 375, 379 (1995). Moreover, it is solely within the province of the district court to judge the credibility of the witnesses. *See Johnson v. Tesky,* 57 Or.App. 133, 643 P.2d 1344, 1347 n. 1 (1982). The district court's factual finding that the testimony and evidence established that Weisman granted Field actual authority to enter into a binding agreement is not clearly erroneous.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.